UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
RUSH INDUSTRIES, INC.,

                                                      Plaintiff,

<u>REPORT AND
RECOMMENDATION</u>

                        -against-                                            CV 05-4910 (LDW) (ETB)

GARNIER, LLC
                                                  Defendant.
----------------------------------------------------------------------X

TO THE HONORABLE LEONARD D. WEXLER, UNITED STATES DISTRICT JUDGE:

Before the court is a motion to amend the complaint to add companies L'Oreal USA, Inc. and Laboratoire Garnier & Cie as additionally named defendants, and to add a claim of trademark infringement for defendant's use of the mark "Length & Strength."

<u>BACKGROUND</u>

The complaint in this action was filed on October 20, 2005 by plaintiff Rush Industries. The complaint alleges that plaintiff is the trademark owner of the mark "Long 'n Strong" and that defendant Garnier began marketing and distributing hair care products under the name "Long & Strong" in 2005 without plaintiff's authorization. (See Compl. ¶¶ 18, 23.) Plaintiff brought this action alleging trademark infringement, common law trademark infringement, violation of New York General Business Law Section 133, injury to business reputation, and common law unfair competition and misappropriation. Among the relief sought by plaintiff is a claim for punitive damages. (See Compl. ¶ 11:5.)

A discovery plan was issued by the court on January 26, 2006. The discovery plan set

June 6, 2006 as the final date for motions to amend pleadings, including joinder of additional parties. (See Joint Proposed Discovery Plan, dated Jan. 26, 2006.) On October 10, 2006, plaintiff filed the motion to amend.

DISCUSSION

A party that files a motion to amend pleadings after the expiration of the deadline to do so must demonstrate "good cause" in accordance with Fed. R. Civ. P. 16(b). Parker v. Columbia, 204 F.3d 326, 340-41; Lincoln v. Potter, 418 F.Supp.2d 443, 453-54. The Rule 16(b) standard rather than the more lenient standard of Rule 15(a) governs motions to amend filed after the deadline in court's scheduling order has passed. Parker v. Columbia, 204 F.3d at 340. Good faith depends on the "diligence of the moving party." Id.

Here, the deadline set by the court for the amendment of the pleadings was June 6, 2006. (See Joint Proposed Discovery Plan, dated Jan. 26, 2006.) The motion to amend was filed on October 6, 2006. In its motion, plaintiff mentions the good cause standard but does not offer an explanation for its delay or attempt to demonstrate good cause. Plaintiff argues good cause for the first time in its reply brief. However, an argument may not be made for the first time in a reply brief. See Knipe v. Skinner, 999 F.2d 708, 710-11 (2d Cir.1993); Amoco Overseas Oil Co. V. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 653 (2d Cir.1979). Plaintiff has therefore failed to demonstrate good cause.

Even if the court were to consider the argument in plaintiff's reply brief, there would still be an insufficient showing of good cause. Plaintiff argues "Garnier LLC's litigation gamesmanship caused the brief delay." (Pl's Repl. at 8). Plaintiff argues that it learned at a

deposition on May 31, 2006 that two topics would not be covered - topic 1, "the ownership and relationship of Garnier LLC and its related companies," and topic 2, "ownership of Laboratoire Garnier & Cie." (Id.) Plaintiff fails to explain how this prevented plaintiff from bringing the motion to amend earlier. Good cause depends on the diligence of the moving party. Plaintiff was aware of the additional parties and the mark "Length & Strength" when the complaint was filed. See Lincoln v. Potter, 418 F. Supp.2d 443, (finding failure to demonstrate good cause under 16(b) because "...the facts underlying his claim ...were known to plaintiff at the time this action was filed....Plaintiff has not explained why the deadline set forth by the Court's Scheduling Order could not have been reasonably met."). Plaintiff has failed to demonstrate good cause.

Lastly, I note that this motion to amend was filed on October 6, 2006. I further note that the discovery schedule, dated January 26, 2006 provides that all fact discovery be completed by July 14, 2006 and expert discovery by October 14, 2006. Thus, the plaintiff waited until the very end of discovery to make the within motion to amend. The motion is untimely. See Stone v. Courtyard Management Co., 2001 WL 395159, at *2 (S.D.N.Y. Apr. 17, 2001)(finding a motion to amend to be untimely because it was filed only a month before the discovery deadline and noting that it would require further discovery and motion practice). See also Black v. Finantra Capital, Inc., 418 F.3d 203, 210 (2d Cir. 2005) (finding that a motion to amend filed after the close of discovery was untimely because it would be prejudicial to the defendants).

RECOMMENDATION

For the foregoing reasons, I recommend that plaintiff's motion to amend be

denied.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a)(e) and 72(b); <u>IUE AFL-CIO Pension Fund v. Herrmanm</u>, 9 F. 3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 513 U.S. 822 (1994); <u>Frank v. Johnson</u>, 968 F.2d 298 (2d Cir. 1992), <u>cert. denied</u>, 506 U.S. 1038 (1992); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Plaintiffs' counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED:

Dated: Central Islip, New York
December 15, 2006

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge