UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RUSH INDUSTRIES, INC.,            MEMORANDUM AND ORDER

        Plaintiff,                    CV 05-4910

       -against-                    (Wexler, J.)

GARNIER LLC and JOHN DOES 1-5,

        Defendants.
------------------------------------------------------------X

APPEARANCES:

    DANIEL P. BURKE & ASSOCIATES, PLLC
    BY: DANIEL P. BURKE, ESQ.
    300 Rabro Drive, Suite 131
    Hauppauge, NY 11788
    Attorneys for Plaintiff

    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    BY: ROBERT L. SHERMAN, ESQ.
    75 East 55th Street
    New York, New York 10022
    Attorneys for Defendant

WEXLER, District Judge

      This is an action alleging trademark infringement and related claims arising out of Defendant's use of the mark "Long 'n Strong" in connection with certain hair care products. Named as the defendant is Garnier LLC ("Garnier"). Plaintiff sought, before Magistrate Judge E. Thomas Boyle, to amend its complaint to add an additional defendant and additional claims. Specifically, Plaintiff sought leave to name as a defendant L'Oreal USA, Inc., ("L'Oreal") an alleged licensee of the "Long 'n Strong" trademark. The new claims that Plaintiff sought to add assert infringement and related claims as to the use of the mark "Length and Strength."

1

In a Report and Recommendation dated December 15, 2006 (the "R&R"), Magistrate Judge Boyle denied the motion to amend and the appeal of that ruling is presently before the court. For the reasons set forth below, the R&R is adopted.

## BACKGROUND

### I. The Allegations of the Complaint and the Discovery Scheduling Order

This action was commenced on October 20, 2005. The complaint asserts a federal cause of action for trademark infringement and related state law causes of action. As noted, the sole named defendant was Garnier. The only mark alleged to have been infringed is "Long 'n Strong."

On January 26, 2006, Magistrate Judge Boyle entered a discovery order. The order set June 6, 2006, as the final date by which to move to amend the pleadings, including any amendment seeking the joinder of additional parties. Fact discovery was to be concluded by July 14, 2006 and all expert reports were to be served by September 30, 2006. Witness and exhibit lists were to be exchanged by October 14, 2006 and a final pretrial conference was set for October 26, 2006.

### II. Plaintiff's Motion and the R&R

As noted, Plaintiff moved to amend to add a new defendant (L'Oreal) and new causes of action based upon a different trademark ("Length 'n Strength"). Plaintiff's motion to amend was interposed on October 10, 2006. The motion was thus made: (1) four months after the date set for the making of such motions; (2) three months after the close of fact discovery; (3) twenty days after the date set for the exchange of expert reports and approximately one week prior to the date set for the pretrial exchange of witness and exhibit lists.

Magistrate Judge Boyle noted first that the motion to amend, coming after the passage of

2

the date set on the scheduling order, was subject to the "good cause" standard set forth in Rule 16(b) of the Federal Rules. Applying this standard, it was held that Plaintiff failed to show the required good cause to support the motion. In particular, the Magistrate Judge held that Plaintiff's bare allegation of Defendant's "gamesmanship" was unsupported. It was further noted that Plaintiff was aware of both the identity of the party sought to be added and the use of the mark "Length 'n Strength," when the complaint was filed. Moreover, Plaintiff waited until the very end of discovery to move to amend. In view of these facts, Magistrate Judge Boyle denied the motion to amend. This appeal followed.

## DISCUSSION

I. Standard of Review

Before reaching the merits of this appeal, the court discusses the applicable standard of review. Appeals of rulings of Magistrate Judges are governed by 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure ("FRCP"). These provide that a district court's review of non-dispositive motions is subject to a highly deferential "clearly erroneous" standard of review. 28 U.S.C. §636(b)(1)(A); FRCP 72(a). Appeal of dispositive motions, on the other hand, are subject to de novo review. 28 U.S.C. §636(b)(1)(B); FRCP 72(b).

The parties disagree as to the appropriate standard of review to be applied to motions to amend. Defendant argues that motions to amend are non-dispositive in nature and therefore subject to the deferential standard. Plaintiff, on the other hand, argues that the R&R is subject to the more stringent de novo review for dispositive motions set forth in Rule 72(b) of the Federal

Rules. There are cases supporting both theories.[1]

For example, courts in this circuit have held that because a Magistrate Judge's denial of a motion to amend deprives a party of a claim or defense it is and subject to <u>de novo</u> review. E.g., <u>Covington v. Kid</u>, 1999 WL 9835 *2 (S.D.N.Y. 1999); <u>Calabro v. Stone</u>, 2005 WL 327547 *1 (E.D.N.Y. 2005) (opinion of Magistrate Judge). Others have characterized motions to amend as non-dispositive and subject to the more deferential standard of review. See, e.g., <u>Lumberman's Mut. Cas. Co. v. Banco Espanol De Credito, S.A.</u>, 2006 WL 2987694 *1 (S.D.N.Y. 2006); <u>Palmer v. Monroe County Sheriff</u>, 378 F. Supp.2d 284, 288-89 (W.D.N.Y. 2005) (stating that the "weight of authority" classifies a motion to amend as a non-dispositive matter).

Magistrate Judge Boyle styled his decision in this matter as a Report and Recommendation, the form in which dispositive motions are generally ruled upon. It thus appears that he approached the motion as dispositive in nature. Exercising the same abundance of caution as to the proper standard of review, the court will review the R&R on a <u>de novo</u> basis.

II. <u>The R&R is Adopted</u>

First, it is clear that Magistrate Judge Boyle properly held that Rule 16 of the Federal Rules applies to this motion to amend. Where, as here, a motion to amend seeks to modify an order of the court, it is governed by the good cause standard set forth in Rule 16 and not the amendment standard in Rule 15. See <u>Palmer</u>, 378 F. Supp.2d at 289. Magistrate Judge Boyle

---

[1] The only Second Circuit case that the court has uncovered on the matter appears in <u>Marsh v. Sheriff of Cayuga County</u>, 2002 WL 1159631 (2d Cir. 2002), an unpublished opinion without precedential authority. <u>Marsh</u> cites, without discussion, to the deferential standard of 28 U.S.C. § 636(b)(1)(A) when holding that a Magistrate Judge was within his authority to deny a motion to amend a complaint.

4

also properly held that Plaintiff failed to show good cause for the late amendment. Papers before this court indicate that Plaintiff knew of the identity of L'Oreal and of the "Length 'n Strength" trademark months before making any attempt to amend the complaint to add the party and claims. Documents before this court indicate, and Plaintiff nowhere disputes, that it knew of the identity of L'Oreal and of the trademark sought to be added several months before the close of discovery and the making of the motion to amend. No real explanation for the delay is offered. Under these circumstances, this court holds that Plaintiff has failed to show good cause to allow for this late amendment of the complaint. The R&R is therefore adopted in its entirety.

III.   Newly Filed Action

Shortly after Magistrate Judge Boyle denied Plaintiff's motion to amend, Plaintiff commenced a new action in this court, assigned docket number 07-35. That action names L'Oreal as a defendant and asserts the precise claims sought to be added in the denied motion to amend (the "New Action"). Plaintiff has submitted correspondence to this court asking that the New Action be consolidated with this action because it involved the same "witnesses, facts, parties and trademarks." In response, Garnier has submitted correspondence indicating that the defendants named in the New Action have not been served. They also indicate an intention to move to dismiss the New Action.

The request to consolidate the actions is denied at this time. The parties are directed to advise the court if and when the defendants in the New Action are served. Upon such service, those defendants may submit a letter to the court requesting a pre-motion conference to discuss their anticipated motion to dismiss.

## CONCLUSION

The Report and Recommendation of Magistrate Judge Boyle, dated December 15, 2006 is hereby adopted in its entirety.

SO ORDERED

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 26, 2007