C/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RUSH INDUSTRIES, INC.,

        Plaintiff,

        -against-

GARNIER LLC and JOHN DOES 1-5,

        Defendants.
-----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 05-4910

(Wexler, J.)

APPEARANCES:

    DANIEL P. BURKE & ASSOCIATES, PLLC
    BY: DANIEL P. BURKE, ESQ.
    300 Rabro Drive, Suite 131
    Hauppauge, NY 11788
    Attorneys for Plaintiff

    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    BY: ROBERT L. SHERMAN, ESQ.
    75 East 55th Street
    New York, New York 10022
    Attorneys for Defendant

WEXLER, District Judge

This is an action alleging trademark infringement and related claims arising out of Defendant's use of the mark "Long 'n Strong" in connection with certain hair care products. In a Memorandum and Order dated January 26, 2007, this court adopted a Report and Recommendation of Magistrate Judge Boyle, dated December 15, 2006 (the "R&R"). That R&R denied a motion to amend the complaint. Presently before the court is Plaintiff's motion for reconsideration of this court's adoption of the R&R.

Motions for reconsideration are properly granted only if there is a showing of: (1) an

intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001 WL 175239 *1 (N.D.N.Y. 2001), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014 at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

The court has considered the moving papers and, upon such consideration in light of the standards referred to above, the court sees no reason to change its prior decision in this matter.

CONCLUSION

Upon review and consideration of the submissions of the parties, the court declines to revisit its earlier opinion adopting the R&R. Accordingly, the motion for reconsideration is denied.

The Clerk of the Court is directed to terminate the motion for reconsideration.

SO ORDERED

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 6, 2007